UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAMES CASON, | ) | CASE NO. C09-0706-JLR-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR APPOINTMENT OF |
| THERESE HUTCHINS, et al., | ) | COUNSEL |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff James Cason moves for appointment of counsel to represent him in his 42 U.S.C. § 1983 civil rights action. (Dkt. 23.) Having considered the papers, including defendants' opposition (Dkt. 24), and the entire record, the Court DENIES his motion for appointment of counsel (Dkt. 23).

Generally, a person has no right to counsel in civil actions. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). A court has discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but an appointment of counsel should only be granted under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the

Court considers "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983).

Mr. Cason's indigence, imprisonment, and lack of legal skills do not constitute exceptional circumstances that warrant appointment of counsel. Mr. Cason has failed to demonstrate a likelihood of success on the merits, and he has shown proficiency in articulating claims of deliberate indifference to serious medical needs and denial of due process through retaliatory disciplinary action. Mr. Cason's motion for appointment of counsel (Dkt. 23) is denied.

DATED this 5th day of January, 2010.

Mary Alice Theiler
United States Magistrate Judge